UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAGDALENA TRZUSKOT,

                Petitioner,

-against-

THE STATE OF NEW YORK,

                Respondent.

24-CV-7110 (AT) (RFT)

**AMENDED ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

      The Court received an undocketed communication from pro se Petitioner, which is attached as Exhibit A to this Order.

      On August 28, 2025, I instructed Petitioner that if she wishes for the Court to consider her Reply Appendix, she must submit a copy to the Court's Pro Se Intake Unit by September 19, 2025, by email, mail, or hand delivery. (ECF 26, Order at 2.) I advised Petitioner that if she wishes to email a copy of the Appendix, she may wish to split the file into multiple files to avoid attaching a large file that would make her email undeliverable. (*Id.*)

      On September 27, 2025, Petitioner emailed my chambers, the chambers of Judge Analisa Torres, and counsel for Respondent. (Ex. A.) In her email, Petitioner acknowledged that her communication came after the deadline specified in my order (ECF 26). She explains that she emailed the Reply Appendix to the Pro Se Intake Unit on December 11, 2024 and submitted the Reply Appendix again on September 27, 2025, adding that the file she submitted is "57.9 MB" in size. (*Id.*) There is no attachment to Petitioner's email. (*Id.*) I have contacted the Office

of the Clerk of Court and have been informed that there are no filings recently received from Petitioner.

I am sua sponte extending Petitioner's deadline to submit her Reply Appendix retroactively, until **October 8, 2025**. There will be no further extensions of her deadline to submit her Reply Appendix. She may send a copy of the Reply Appendix to the Court's Pro Se Intake Unit by email (ProSe@nysd.uscourts.gov) or by mail or hand delivery (Pro Se Intake Unit, 500 Pearl Street, Room 205, New York, NY 10007). Petitioner appears to be using Gmail to submit her Reply Appendix. According to Google's website, under a tab titled "Attachment size limit," one can find instructions that

> You can send up to 25 MB in attachments. If you have more than one attachment, they can't add up to more than 25 MB.
>
> If your file is greater than 25 MB, Gmail automatically adds a Google Drive link in the email instead of including it as an attachment.

(https://support.google.com/mail/answer/6584?hl=en&co=GENIE.Platform%3DDesktop#zippy=%2Cattachment-size-limit.) Accordingly, if Petitioner wishes to email a copy of the Reply Appendix, she may wish to split the Reply Appendix into multiple files, each smaller than 25 MB, to avoiding attaching a file that is too large to add as an attachment to a Gmail email.

DATED: September 30, 2025
New York, NY

SO ORDERED.

ROBYN F. TARNOFSKY
United States Magistrate Judge

2

# Exhibit A

| | |
|---|---|
| **From:** | Maggie Trzuskot |
| **To:** | jalina.hudson@ag.ny.gov; Tarnofsky NYSD Chambers; Torres NYSD Chambers |
| **Subject:** | Re: Trzuskot v New York, 24-CV-7110 (AT-RFT) (SDNY Sept. 19, 2024) |
| **Date:** | Saturday, September 27, 2025 1:50:54 PM |

**CAUTION - EXTERNAL:**

Hello Hon. Robyn F. Tarnofsky,  Hon. Analisa Torres,  and Ms. Hudson:

I am writing in response to the order of US Magistrate Judge Robyn F. Tarnofsky dated August 28, 2025. I have finally been able to access the electronic file.

I submitted the Complete Appendix Record on Appeal to Prose email address (prose@nysd.uscourts.gov) on December 11, 2024, and I submitted it again today (a bit late past the Sept. 19 deadline). The document file is only 57.9 MB.

I have been under severe financial hardship to date. As of this moment, my direct criminal appeal remains under the supervision of the Center for Appellate Litigation. I have requested from that non-profit an update on the status of the court reporter sending up the minutes to the Appellate Division (of the trial transcripts), and am awaiting a response. The delays I've experienced to send up the transcripts to the Appellate Division despite the fact the court reporter had produced transcripts to my legal advisor almost in real-time (as the trial was proceeding back in late 2022) is beyond troubling. It is almost October of 2025, and the abuses I've experienced is both unethical and unlawful.

Thank you,
Maggie Trzuskot



On Thu, Dec 5, 2024 at 2:32 PM Maggie Trzuskot <magtrzuskot@gmail.com> wrote:
> Hello Hon. Robyn F. Tarnofsky,  Hon. Analisa Torres,  and Ms. Hudson:
>
> I am writing as the pro se petitioner in the above referenced case before your chambers. I tried to create an online account to have access to file something, but am unable to do so for technical reasons.
>
> On Friday, November 29, 2024, I was released from custody.
>
> Notwithstanding, I believe this case merits a non-dismissal, as an exception to mootness exists.
>
> With respect to the exhaustion of state remedies argument, I am of the opinion that I have exhausted every post-verdict motion available that could have been filed at the trial level (and denied without hearing and opposition by the DA's office in some cases), and I have tried to directly appeal with the Appellate Division, First Department, NY, and I tried with NY Court of Appeals as well. But the Appellate Division is frustrating or disallowing a timely appeal. And the Court of Appeals is not entertaining it at this time either.

Alternatively, it should be waived.

From jail, I located the following case: Clyde Collins, 97-B-1995, Petitioner v. Israel Rivera, Superintendent, Washington Correctional Facility, Respondent, No. 99-CV-0490H, Dec. 2, 1999, where petitioner was convicted of criminal contempt in the first degree, like myself, and similarly, he was denied his right to appeal, in violation of his due process and equal protection rights, due to an inability to perfect his appeal for over 2 years. I also have been denied a timely appeal of my conviction for 2 years now.

 My efforts to take a direct appeal of my criminal conviction has been a go-around of poor gamesmanship. I have been roadblocked from a timely review - denied my original record from being sent up to the appellate division, and still today, I am not any closer to a review and a correct or accurate disposition. And yet, I had submitted a proposed appendix record on appeal and criminal appellate brief within 6 months of filing my notice of appeal, and that was strategically denied by the Appellate Division.

Every effort to have my original record sent up has been denied. It awfully feels like I have been punished for standing up for my due process rights, and that I am being denied and delayed due process now on appeal for critiquing Manhattan's criminal justice system. I am unable to get relief.

During summer of 2024, I filed a poor person application so that my original record could be sent up, and I was informed that it would be ruled on by now, and as of today, to my knowledge and review, I still have not been issued a decision. I am denied my right to direct appeal, because the state court is preventing me from perfecting it, despite my timely alternative appendix record option (which was sufficient) and my timely submission of my criminal appellate brief citing all the errors I faced. The process is seriously ineffective like in Collins v Rivera. Not only was I denied a speedy trial of my underlying misdemeanor charges, and then was, at last, offered a trial on my felony charge, the entire case is a botched display of prosecution of criminal charges. And now I am faced with an appellate delay. This is extremely prejudicial. And retaliation it seems.

I have been unable to perfect my appeal for 2 years and counting now, despite the record clearly demonstrating I tried fully to do so. The state process is ineffective, and in essence, the state has now forced me to a prejudicial sentence of probation for 2 years, and in addition, a re-sentence of 5 months incarceration for being the VICTIM of various crimes under the umbrella term of domestic violence. Completely unreasonable.

Hence, the reason for the delay is not my inaction, but court administration's refusal to send up the original record whether on its time or my dime, despite the fact I was assigned counsel at the trial level for meeting the poor person standards. I cannot find any delay attributable to petitioner/defendant. But they certainly will have painted and smeared to suggest otherwise. It's as if the criminal justice system in the city of New York strategically commits defendants to custody even when their errors are clear and convincing.

I asserted my right to timely due process at the trial level, and demonstrated my right to a timely appeal at the appellate division, and it seems I am strategically delayed justice. And denied justice. For pointing out the gross constitutional and statutory violations I've experienced since my first arrest in this case.

This criminal conviction is, without a shadow of a doubt, reversible and should have already been overturned. But instead, I have now been subjected to illegal deprivation of my liberty. And I have now been re-victimized in jail. The level of incompetence by the NYPD, City's Probation Dept, and DOC is mind blowing. I have literally done time for being a victim and maliciously prosecuted just so the father could win custody. I find it outrageous that the actual perpetrator and wrongdoer has been rewarded for his evil while I have been punished with a jail sentence now.

There is actual prejudice to my custody/visitation of my child. I continue to have no rights to my child. The damage done is insurmountable. I was wrongfully imprisoned. And subjected to what amounted to solitary confinement for 8 days, as a result of unconstitutional discrimination during my 71 days.

On top of the criminal matter being strategically thwarted by state court administration, I have also been played by the courts regarding appealing the custody-visitation order.

Upon a review of the state record, I don't think this case should be dismissed as moot, as the collateral consequences are obvious. For one, I am unable to enter my chosen profession or have any contact with my child for 3 years and counting. I've experienced, now, serious and numerous fundamental constitutional and statutory rights violations.

As such, practically and necessity require federal intervention, primarily, because the issuance and enforcement of criminal and family orders of protections are not compliant with federal statute, and US and NY Constitutions. The lack of due process on its issuance is beyond me. I think this issue is very important and that alone invalidates this conviction. And the likelihood of this happening to another parent is obvious.

Thank you for your time and consideration.

Sincerely,
Magdalena Trzuskot, Pro se

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.