UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAGDALENA TRZUSKOT,

                          Petitioner,

         -against-

THE STATE OF NEW YORK,

                          Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/2026_____

24 Civ. 7110 (AT) (RFT)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

ANALISA TORRES, District Judge:

On September 19, 2024, Petitioner *pro se*, Magdalena Trzuskot, filed a petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion for an *ex parte* Temporary Restraining

Order ("TRO"). *See* Pet. at 1–3, ECF No. 1; TRO Mot, ECF No. 4. Before the Court is the report

and recommendation (the "R&R") of the Honorable Robyn F. Tarnofsky, which recommends that

the petition be dismissed without prejudice and the request for a TRO be denied. *See* R&R, ECF

No. 29. For the reasons stated below, the Court OVERRULES Petitioner's objections and

ADOPTS the R&R in its entirety. *See* Objs., ECF No. 30; Resp., ECF No. 33.

**DISCUSSION**[1]

I.       Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court may adopt

those portions of the R&R to which no objection is made "as long as no clear error is apparent

from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2

(S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court

is "left with the definite and firm conviction that a mistake has been committed." *Easley v.*

---

[1] The Court presumes familiarity with the facts and procedural history, as detailed in the R&R, *see* R&R at 1–10, and, accordingly, does not summarize them here.

*Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

A proper objection to an R&R must be timely and specific.  "In order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025) (quoting *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017)).  In addition, an objection "generally may not raise new arguments not previously made before the magistrate judge."  *Id.* at 359.  When a party properly objects to an R&R, the district court reviews those arguments *de novo*.  *Id.* at 361.

A *pro se* party is "generally accorded leniency," and their submissions are "construed to 'raise the strongest arguments they suggest.'"  *Lanier v. Capra*, No. 21 Civ. 9307, 2023 WL 6795441, at *3 (S.D.N.Y. Oct. 13, 2023) (quoting *Milano v. Astrue*, No. 05 Civ. 6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sep. 26, 2008)).  "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate [judge's] proposal."  *Pinkney v. Progressive Home Health Serv.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted).

II.    Petitioner's Objections

A habeas petitioner must "exhaust all of h[er] state remedies" before turning to a federal court for habeas relief.  *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011); 28 U.S.C. § 2254(b)(1)(A). [2]  Petitioner does not object to the R&R's conclusion that she has failed to exhaust

---

[2] Petitioner does not object to Judge Tarnofsky's conclusion that she may only seek habeas relief related to her ongoing term of probation.  *See* R&R at 16.  She may not challenge her past incarceration for contempt or the underlying New York County Integrated Domestic Violence Court ("IDV") Order.  *See* R&R at 14–16; *Ogunwomoju v. United States*, 512 F.3d 69, 75 (2d Cir. 2008) ("[H]abeas petitioners [must] be in custody under a state conviction or sentence when they file for habeas relief.").  Identifying no clear error, the Court adopts Judge Tarnofsky's conclusion.

her state judicial remedies.  *See* R&R at 16–18.  Rather, she argues that she should be excused from the exhaustion requirement because the case "lacks a timely and accurate state corrective process."  Objs. at 10–11.

A petitioner may be excused from exhausting her state court remedies when there has been a "substantial delay in the state criminal appeal process."  *Cody v. Henderson*, 936 F.2d 715, 718 (2d Cir. 1991).  In determining whether a delay excuses exhaustion, the Court considers the criteria articulated in *Barker v. Wingo*, 407 U.S. 514 (1972), regarding the right to a speedy trial: "(1) the length of the delay, (2) the reason for the delay and the party responsible, (3) whether petitioner asserted [her] right to a decision, and (4) ensuing prejudice."  *Roberites v. Colly*, 546 F. App'x 17, 19 (2d Cir. 2013).  The Court "may also consider federal-state comity in considering whether undue delay excuses a failure to exhaust."  *Id.*  Reviewing *de novo* the R&R's analysis of the *Barker* factors, the Court agrees that Petitioner should not be excused from exhausting her state court remedies and overrules Petitioner's objections.  *See* R&R at 19–24.

First, the length of delay, although tilting in favor of Petitioner, does not alone warrant excusing exhaustion.  Courts in this Circuit generally require an appellate delay of more than "three to four years" before declaring due process violations.  *See Wells v. Miller*, No. 21 Civ. 11231, 2023 WL 2647891, at *8 (S.D.N.Y. Mar. 27, 2023) ("[T]he Second Circuit has generally required more than three or four years of appellate delay before concluding that a prisoner's due process rights have been violated.").  The delay here—the time between when Petitioner first filed her notice of appeal and the time she filed her petition—is roughly 18 months.  *See* R&R at 19; Pet. at 9; State Court Record II ("SCR II") at SR. 327, ECF No. 20-2.  Petitioner's objections to Judge Tarnofsky's analysis of this *Barker* factor, *see* Objs. ¶¶ 22–25, do not dispute Judge Tarnofsky's calculation, and do not show that courts in this Circuit tend to excuse the exhaustion requirement

for analogous periods of delay. Nor has Petitioner shown that the cause of the delay warrants excusing exhaustion, where the record reflects that Petitioner took months to request leave to prosecute her appeal as a poor person and filed papers that failed to comply with the Appellate Division's requirements. *See* R&R at 20–22; SCR II at SR. 370–77l; State Court Record III ("SCR III"), ECF No. 20-3 at SR. 443–45. Petitioner's concerns about appellate delays caused by "unionized court reporter[s]," Objs. ¶ 32, also does not support finding a due process violation. *See Richard-Antonio v. O'Meara*, No. 12 Civ. 5174, 2013 WL 5019395, at *8 (S.D.N.Y. May 21, 2013) (holding that "the court reporters' tardy production of transcriptions" is a "neutral cause of delay" that "does not support finding a due process violation"), *report and recommendation adopted*, 2013 WL 5049065 (S.D.N.Y. Sep. 13, 2013). Moreover, Petitioner does not show that the delay will prejudice her appeal—that is, that "there is a reasonable probability that, but for the delay, the result . . . would [be] different." *Mathis v. Hood*, 937 F.2d 790, 794 (2d Cir. 1991) (citation omitted); *Wells*, 2023 WL 2647891, at *9; *see* Objs. ¶¶ 29–32. Finally, although Petitioner argues that she "asserted her right to a decision in post-verdict motion practice," *see* Objs. ¶ 28, she does not show she has been asserting her rights to a decision on *appeal* by, for example, "regularly inquir[ing] of . . . the [appellate] court about the delays in h[er] appeal." *Wells*, 2023 WL 2647891, at *9. In sum, the Court agrees with the R&R and concludes that the four *Barker* factors do not warrant excusing Petitioner's failure to exhaust her state remedies at this time.

Finally, the interests of federal-state comity also weigh against waiving the exhaustion requirement. *See* Resp. Petitioner acknowledges that she has been appointed appellate counsel, *see* Objs. ¶ 13, and an order from the Appellate Division, First Department, Objs. at 24, reflects that Petitioner's direct appeal is "moving forward," *Roberites*, 546 F. App'x at 20. *See also*

4

*Vilsaint v. Annucci*, No. 23 Civ. 5563, 2024 WL 3276400, at *7 (S.D.N.Y. May 23, 2024) (finding that an appeal was "moving forward" because of the appointment of new counsel), *report and recommendation adopted*, 2024 WL 3274729 (S.D.N.Y. July 2, 2024). "[S]hould a dormant appeal show tangible signs of progress, any argument that the state appellate process is ineffective must carry less weight." *Wells*, 2023 WL 2647891, at *10; *see also Richard-Antonio*, 2013 WL 5019395, at *10 ("[E]ven if the Court were to find that the appellate delay was egregious, when a previously-stalled state proceeding has come to life, it is appropriate for a federal court to give the state appellate courts an opportunity to hear the claims in the first instance." (cleaned up)). Therefore, "the interest in state-federal comity favors allowing the Appellate Division to hear [her] claims first," *Richard-Antonio*, 2013 WL 5019395, at *10, and the Court declines to excuse Petitioner's failure to exhaust her administrative remedies.

Petitioner's TRO motion seeks release "from all conditions hindering her livelihood, peace, and rehabilitation." TRO Mem. at 17, ECF No. 5. The R&R recommended denying the TRO because it is duplicative of unexhausted habeas claims. Petitioner does not specifically object to this conclusion, R&R at 25–26; *see generally* Objs., and the Court, finding no clear error in Judge Tarnofsky's recommendation, adopts the R&R and denies Petitioner's motion for a TRO. *See Chacha v. Decker*, No. 20 Civ. 6167, 2020 WL 5946942, at *4 n.2 (S.D.N.Y. Oct. 7, 2020).

**CONCLUSION**

The Court has reviewed *de novo* those portions of the R&R to which Petitioner has properly objected and has reviewed the remainder of the R&R for clear error.  For the aforementioned reasons, the Court ADOPTS the R&R in full.  The petition is DISMISSED without prejudice to filing a renewed petition once Petitioner has exhausted her state remedies, and the motion for a TRO is DENIED.

The Clerk of Court is respectfully directed to mail a copy of this order to Petitioner *pro se* and to close the case.

SO ORDERED.

Dated: April 23, 2026
    New York, New York

ANALISA TORRES
United States District Judge

6